IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELVIS L. CUNNINGHAM,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD HUNT, PAM GODBERSON, Nurse; BUFFALO COUNTY JAIL/SHERIFS OFFICE; and ALL OTHER CORRECTIONAL STAFF INVOLVED,<br><br>Defendants. | 8:21CV282<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a state prisoner currently being held at the Buffalo County Jail, has been granted leave to proceed in forma pauperis ("IFP"). The court will now conduct an initial review of Plaintiff's Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins*

*v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that he did not receive adequate medical treatment after breaking a tooth on September 27, 2020, while eating a meal at the Buffalo County Jail. Plaintiff alleges he told the jail nurse, Defendant Pam Godberson, and a lieutenant, Defendant Chad Hunt, that he needed to see a dentist, but they refused his requests. Plaintiff alleges he was in great pain, could not eat or sleep, and the tooth became infected.

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"[I]t is well settled that municipal police departments, sheriff's offices, and jails are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit." *Ferrell v. Williams Cty. Sheriff's Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014). *See also De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (county jail and sheriff department not subject to suit under § 1983); *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department and paramedic services "are not juridical entities suable as such.... [t]hey are simply departments or subdivisions of the City government"). While each county in Nebraska may sue and be sued in its own name, Neb. Rev. Stat. § 23-101, the same is not true of county offices or departments. *See Holmstedt v. York County Jail Supervisor (Name Unknown)*, 739 N.W.2d 449, 461 (Neb. App. 2007) (York County Sheriff's Department was not proper defendant), *rev'd on other grounds*, 745 N.W.2d 317 (Neb. 2008); *Winslow v. Smith*, 672 F. Supp. 2d 949, 964 (D. Neb. 2009) (Gage County Sheriff's Office was not proper defendant). Thus, Plaintiff's claims against the Buffalo County Jail or Sheriff's Office will be dismissed.

Also, Plaintiff's claims against "all other correctional staff involved" cannot proceed so long as these Defendants remain unknown and unidentified, or so long as Plaintiff fails to include in his complaint allegations specific enough to permit the identity of these Defendants after reasonable discovery. *See Jones v. Nebraska Dep't of Correction Servs.*, No. 8:20CV365, 2021 WL 490388, at *6 (D. Neb. Feb. 10, 2021). "It is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). The United States Marshal's Service cannot initiate service upon unknown defendants. *Mixon v. Esch*, No. 8:17CV325, 2021 WL 1192813, at *9 (D. Neb. Mar. 30, 2021).

Plaintiff indicates Defendants Hunt and Godberson are sued in their individual and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *McKay v. City of St. Louis*, 960 F.3d 1094, 1102 (8th Cir. 2020) (quoting *Veatch v.*

3

*Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010)). Thus, claims made against these Defendants in their official capacities are, in effect, claims made against Buffalo County.

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against the Buffalo County, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation." *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Plaintiff has not alleged any facts to show that the claimed violation of his constitutional rights was caused by a Buffalo County policy or custom, or by the County's failure to train or supervise jail staff. The official-capacity claims therefore will be dismissed for failure to state a claim upon which relief may be granted.

However, the individual-capacity claims will proceed to service of process. "It is well established that the Eighth Amendment prohibition on cruel and unusual

punishment extends to protect prisoners from deliberate indifference to serious medical needs." *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). "A medical need is objectively serious if it is supported by medical evidence, such as a physician's diagnosis, or is 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Bailey v. Feltmann*, 810 F.3d 589, 594 (8th Cir. 2016) (quoting *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009)). Deliberate indifference requires a showing that the defendant "had actual knowledge of that need but deliberately disregarded it." *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (quoting *Bailey*, 810 F.3d, at 594). Plaintiff has sufficiently alleged that Defendants Hunt and Godberson were deliberately indifferent to his need to be treated by a dentist.[1]

Plaintiff has requested appointment of counsel. There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, __ Fed. App'x __, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

This is not a complex case. Plaintiff has demonstrated an ability to investigate the facts and to present his claims, at least through the initial stage of the litigation. Plaintiff's appears to have a good grasp of the legal issues involved. This case is still at the pleading stage, so there is no conflicting testimony. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners

---

[1] Plaintiff indicates he was both a pretrial detainee and a convicted prisoner at the Buffalo County Jail. While the Eighth Amendment only applies to convicted prisoners, a pretrial detainee's Fourteenth Amendment claim of inadequate medical care is analyzed using the same "deliberate indifference" standard. *See generally Karsjens v. Lourey*, 988 F.3d 1047, 1053 (8th Cir. 2021); *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

will face similar challenges." *See Reccca*, 2021 WL 2285235, at *2 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Thus, having considered the factors outlined above, Plaintiff's request for appointment of counsel will be denied without prejudice to reassertion.

## IV. CONCLUSION

This § 1983 action will proceed on Plaintiff's claims against Defendants Hunt and Godberson in their individual capacities only. All other claims will be dismissed without prejudice, and Plaintiff's motion to appoint counsel will be denied without prejudice.

IT IS THEREFORE ORDERED:

1. This action shall proceed to service of process on Plaintiff's claims against Defendants Chad Hunt and Pam Godberson in their individual capacities only.

2. All other claims, including claims against Defendants Chad Hunt and Pam Godberson in their official capacities, against Buffalo County Jail and Sheriff's Office, or against "all other correctional staff involved," are dismissed without prejudice.

3. The Clerk of the Court is directed to complete a summons form and a USM-285 form for each Defendant, in his or her individual capacity, using the following addresses:

   Chad Hunt
   Buffalo County Jail
   1417 1st Street
   Kearney, NE 68845

   Pam Godberson
   Buffalo County Jail
   1417 1st Street
   Kearney, NE 68845

4. The Clerk shall forward the completed forms to the Marshals Service,[2] together with two copies of Plaintiff's Complaint (Filing 1) and this Memorandum and Order, for service upon Defendants by certified mail or any other authorized method. *See* Fed. R. Civ. P. 4(e); Neb. Rev. Stat. § 25-508.01(1).

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

7. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "December 13, 2021: Check for completion of service of summons."

8. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory) ); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

9. Plaintiff's motion to appoint counsel (Filing 4) is denied without prejudice.

Dated this 13th day of September 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge